United States District Court
Southern District of Texas
**ENTERED**
March 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL A.-V.[1]<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 1:25-cv-058 |
| ANGELICA ALFONSO-ROYALS, *et al.*,<br>Defendants. | §<br>§<br>§ | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PLAINTIFF'S COMPLAINT**

Before the Court is Plaintiff's "First Amended Petition for Declaratory and Injunctive Relief" (Dkt. No. 13) ("Complaint") and Defendants' "Motion to Dismiss" (Dkt. No. 26) ("MTD"). Because Plaintiff's claims rest on conclusory pleading, it is recommended that the Court (1) **GRANT** the MTD (Dkt. No. 26), (2) **DISMISS** the Complaint (Dkt. No. 13) without prejudice, and (3) **DIRECT** the Clerk of Court to close the case.

## I. Background and Procedural History

On March 16, 2025, Plaintiff filed a complaint against Defendants, which he then amended and re-filed on August 23, 2026. Dkt. Nos. 1 & 13. In the Complaint, Plaintiff states that he was born in Mexico on September 9, 1982, to "one U.S. citizen parent, Mr. Andrade-Gomez, and one non-U.S. citizen parent, Ms. Bellamira Vallejo-Trevino." Dkt. No. 13 at 2. The Complaint alleged Mr. Andrade-Gomez, Plaintiff's father, was a U.S. citizen since birth and "was physically present in the U.S. for a period totaling not less than ten years, at least five years of which were after the age of fourteen." *Id.* Despite this alleged background, Plaintiff's application for a certificate of citizenship (a "Form N-600") was denied on May 12, 2020. *Id.*

The Complaint alleges that the "USCIS, DHS, and DOS's refusal to adjudicate Mr. Andrade's Form N-600, Consular Report of Birth, and U.S. passport" was wrongful, Dkt.

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the claimant only by first name and last initial.

No. 13 at 2, and it thus asks the Court to declare he is a citizen under 8 U.S.C. § 1503 and "compel the previously mentioned agencies" to "accept and adjudicate" these applications, *id.* at 3. Defendants submitted the MTD on December 5, 2025, Dkt. No. 26, which, because the Plaintiff did not respond to it, the Court construes as unopposed. S.D. Tex. Loc. R. 7.4. The MTD seeks dismissal of the claims against the Department of Homeland Security ("DHS")[2] and the United States Citizenship and Immigration Services ("USCIS") as moot or for failure to state a claim, and it seeks dismissal against the Department of State ("DOS") for lack of jurisdiction or failure to state a claim. Dkt. No. 26 at 1 & 2.

## II. Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court has "an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006), and, if it determines that it lacks subject-matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the "court must construe the complaint liberally in favor of the plaintiff and must take all facts pleaded as true," but "a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (finding a claim without "enough facts to state a claim to relief…must be dismissed").

## III. Discussion

Plaintiff asks the Court to declare him a citizen under 8 U.S.C. § 1503. Dkt. No. 13 at 6. The provision states that, if "any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States," that person "may institute an action…against the head of such

[2] Technically, the Complaint is issued against the heads of these departments in their official capacities. *See* Dkt. No. 1 at 1. Both parties have effectively referred to the Defendants by the names of their departments, *id.*; Dkt. No. 26 at 10, and this report takes up the same convention.

department or independent agency for a judgment declaring him to be a national of the United States." 8 U.S.C. § 1503(a). This declaratory action, however, depends on an actual citizenship to declare: the plaintiff must show some "applicable law…in effect at the time of the child's birth" that can establish his or her citizenship. *Iracheta v. Holder*, 730 F.3d 419, 423 (5th Cir. 2013). Plaintiff's cited basis of citizenship is "section 301(a)(7) of the 1952 Act," Dkt. No. 13 at 5, which recognized citizenship to a person born outside the United States when his or her parent with citizenship was, "prior to the birth of such person, physically present in the United States…for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years." 8 U.S.C. § 1401(a)(7) (current version at 8 U.S.C. § 1401(g)).

Plaintiff's claims, then, must establish both that there is an action under 8 U.S.C. § 1503 ("§ 1503") and, once through that door, a viable substantive claim of citizenship under 8 U.S.C. § 1401 ("§ 1401"). Plaintiff fails to state claims against the Defendants under these requirements.

The claim against DOS fails at the first step: the Complaint pleads no facts to suggest there is a claim against DOS this Court can hear under § 1503. The Complaint only alleges that Plaintiff's Form N-600 was denied by DHS and USCIS. Dkt. No. 13 at 2. It alludes to DOS refusing him a passport—and asks the Court to compel DOS to "accept and adjudicate" one—but does not say that, at any point in time, DOS had denied him one. *Id.* § 1503(a) only provides for a declaratory action where the claimant "is denied [a] right or privilege by [a] department or independent agency," and the action is only issued "against the head of *such* department or independent agency." *Id.* (emphasis added); *see also Chavarria v. Pompeo*, 387 F.Supp.3d 753, 760 (S.D. Tex. 2019) ("a party may bring an action [under § 1503(a)] only against the head of such department…that denies a right or privilege to party claiming to be a national of the United States"). With the existing pleadings, DOS is not such a department.

The claims against DHS and USCIS, though actually alleging a real administrative denial by those agencies, Dkt. No. 13 at 2, do not meet the substantive requirements of §

1401(g).[3] Specifically, Plaintiff does not sufficiently plead that his father was "physically present in the United States…for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years." 8 U.S.C. § 1401(a)(7) (current version at 8 U.S.C. § 1401(g)). The Complaint only alleges that "Petitioner father...was physically present in the U.S. for a period totaling not less than ten years." Dkt. No. 13 at 2.[4] This is, however, insufficient because conclusory: a conclusory allegation without any facts "delineating the nature" of that allegation cannot withstand a motion to dismiss. *Addison v. Allstate Ins. Co.*, 58 F.Supp.2d 729, 733 (S.D. Miss. 199) ("failed to submit any evidence beyond the pleadings to provide factual clarification for his otherwise vague and conclusory assertions"); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (upholding dismissal under Fed. R. Civ. P. 12(b)(6) where plaintiff alleged that suit was filed timely but "failed to state a specific date upon which" the clock started to file the suit). "A formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Plaintiff's is such a formulaic, conclusory allegation—a "threadbare recital[] of a cause of action's element[]." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Accordingly, his claims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See Twombly*, 550 U.S. at 570.

## IV. Recommendation

Because Plaintiff's claim rests on a conclusory pleading, it is recommended that the Court (1) **GRANT** the MTD (Dkt. No. 26), (2) **DISMISS** the Complaint (Dkt. No. 13) without prejudice, and (3) **DIRECT** the Clerk of Court to close the case.

## V. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United

[3] Were it not non-viable under § 1503(a), the claim against DOS would also fail on this point for the same reasons.

[4] Plaintiff also mentions that he "submitted…an affidavit written by an employer establishing that his father was physically present" for that period, but no such affidavit is attached to the Complaint. Dkt. No. 6-7. To the extent this affidavit is the same as the one submitted by Defendants as an attachment to the MTD, this affidavit only speaks to two years of his father's employment and thus still fails to provide specific *and* adequate factual claims. Dkt. No. 27.

States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.,* 875 F.3d 243, 248 (5th Cir. 2017).

Signed on March 20, 2026.

Karen Betancourt

Karen Betancourt
United States Magistrate
Judge